WILEY MALEHORN SIROTA & RAYNES
250 MADISON AVENUE
MORRISTOWN, NEW JERSEY 07960
(973) 539-1313
Arthur L. Raynes
araynes@wmsrlaw.com
Attorneys for Plaintiff,
Tiho Marinac

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

TIHO MARINAC,

                Civil Action No.: 2:14-cv-07606
                (WJM)(JMF)

v.

MONDELEZ INTERNATIONAL, INC.      **PLAINTIFF'S AMENDED COMPLAINT**
                **AND JURY DEMAND**


           Defendant.


Plaintiff, Tiho Marinac, residing at 41 River Terrace, Apt. 1802, New York, New York, by way of Amended Complaint against Defendant, Mondelez International, Inc., says:


## THE PARTIES

1. Plaintiff, Tiho Marinac, is a resident of New York living at 41 River Terrace, Apt. 1802, New York, New York.

2.    Defendant, Mondelez International, Inc. ("Mondelez"), upon information and belief, is a corporation with its principal place of business at 3 Parkway North, Deerfield, Illinois.

3.    Upon information and belief, Defendant Mondelez, regularly conducts business in Morris County at its East Hanover location.

## ALLEGATIONS COMMON TO ALL COUNTS

4.    Plaintiff was hired in April 2004 as a Regional Manager for Cadbury Schweppes PLC, later acquired by Kraft Foods.

5.    In 2012, Defendant, Kraft Foods split into two separate entities. The first remained Kraft Foods, the second company was renamed Mondelez, representing Kraft's snack division brands.

6.    At the time of his termination, Plaintiff worked as a Senior Business Development Manager of World Travel Retail for Defendant, Mondelez.

7.    Throughout his employment with Mondelez and its predecessors, Plaintiff exceeded his sales goals and received stellar performance evaluations, as well as consistent raises and bonuses.

8. In 2013, just months before his termination, Plaintiff achieved 120% of his sales target, and received a bonus that equated to 12% of his salary.

9. After working for Defendant Mondelez for more than ten years, Plaintiff was accused of violating company policy in 2014, because he had accepted a gift of minor value and attended a dinner during a trade show which was hosted by a distributor.

10. Plaintiff was terminated by his immediate supervisor, Ivo Knuesel, in May 2014, purportedly due to this alleged violation of company policy.

11. However, acceptance and exchanges of small gifts as well as attending industry gatherings at trade shows is a common practice within the Travel Retail Industry.

12. Numerous other Mondelez employees accepted gifts of similar value with no adverse consequences and Ivo Knuesel also attended the same trade show dinner purported to be the reason for Plaintiff's termination.

13. Upon information and belief, Mr. Knuesel is approximately 34 years old.

14. Plaintiff was 54 years old at the time of his termination.

15. In the months leading up to Plaintiff's termination, Plaintiff was asked to train a younger colleague, Peter Flanigan, in all of Plaintiff's general responsibilities within

the World Travel Retail department. Mr. Flanigan had very little experience prior to his employment with Mondelez and had not reached his sales targets for the past three years.

16. Upon information and belief, Plaintiff was replaced by Peter Flanigan following Plaintiff's termination. Upon information and belief, Mr. Flanigan is 33 years old.

## **FIRST COUNT**
### **(Violation of New Jersey Law Against Discrimination N.J.S.A. 10:5-1, et seq.)**

17. Plaintiff re-incorporates each and every allegation in paragraphs 1 through 16 as if set forth in detail herein.

18. Defendant Mondelez fostered a work atmosphere that permitted age discrimination and Plaintiff was harassed and treated differently due to his age.

19. The aforementioned conduct of Defendant Mondelez in singling out Plaintiff, an older employee, for discriminatory treatment and ultimately termination, constitutes age discrimination in violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, et seq.

20. Plaintiff's age was a legal cause of his termination.

21. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has lost benefits to which he is entitled, and has suffered severe emotional distress, pain and

suffering, humiliation, embarrassment, loss of income, and other financial losses.

22.  Defendant's actions were reckless, wanton, willful and malicious such that punitive damages are justified.

**WHEREFORE,** Plaintiff demands judgment against Defendant Mondelez for:

- Compensatory and punitive damages;

- Interest;

- Costs of suit;

- Attorneys' fees; and

- Such other and further relief as the Court shall deem fair and equitable.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Arthur L. Raynes is hereby designated as trial counsel.

## **CERTIFICATION PURSUANT TO RULE 4:5-1**

I certify that to the best of my knowledge and belief the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that no other parties should be joined in this action.

Wiley Malehorn Sirota & Raynes
Attorneys for Plaintiff,
Tiho Marinac


By: ___/s Arthur L. Raynes_____
        Arthur L. Raynes


Dated:     April 30, 2015