```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
TIHO MARINAC,                             :
                                          :
                    Plaintiff,            :    19cv7225(DLC)
                                          :
         -v-                              :         ORDER
                                          :
MONDELĒZ INTERNATIONAL, INC., MONDELĒZ    :
INTERNATIONAL HOLDINGS, LLC, and          :
MONDELĒZ GLOBAL LLC,                      :
                                          :
                    Defendants.           :
                                          :
------------------------------------------X
```

DENISE COTE, District Judge:

This wrongful termination case was first filed in the Superior Court of New Jersey, Essex County on October 29, 2014. It was removed to the United States District Court for the District of New Jersey on December 5, 2014, and transferred to this Court on August 2, 2019.

When the case was transferred to this Court, plaintiff was represented by McDermott Will & Emery LLP ("McDermott"). McDermott was plaintiff's fourth set of counsel in this action. On October 4, 2019, McDermott moved to withdraw as counsel because plaintiff refused to cooperate in producing certain discovery. On October 8, this Court granted McDermott's motion to withdraw, advised plaintiff that this action would proceed pro se unless new counsel filed a notice of appearance by November 8, and informed plaintiff of his duties and rights as a

pro se plaintiff.  The October 8 Order also set March 27, 2020 as the final date for fact discovery.

On November 5, 2019, H. David Krauss and Lee F. Bantle, both of Bantle & Levy LLP, filed notices of appearance on behalf of plaintiff.  Bantle & Levy thus became plaintiff's fifth set of counsel in this action.

On March 3, 2020, a telephone conference was held in which Mr. Krauss informed the Court that he had "every expectation" of representing plaintiff to the conclusion of this proceeding.  At the March 3 conference, the Court also made certain discovery rulings.  These rulings were informed, among other things, by plaintiff's representation that he intended to seek damages for backpay from the time of his termination to the present day, a period that represents roughly six years.  The Court ordered that:

- plaintiff need not release medical records, but only if plaintiff sought damages solely for "garden-variety" emotional distress for the period of time immediately following his termination;

- plaintiff respond to defendants' discovery demands regarding whether plaintiff had applied for and received Social Security or disability benefits, as well as workers' compensation;

- plaintiff execute a release or authorization for records regarding plaintiff's unemployment benefits that would permit defendants to obtain such records directly from the Department of Labor;

- plaintiff execute releases or authorizations that would permit defendants to obtain records from headhunters,

2

>     LinkedIn.com, and to obtain any resource that would
>     capture, in a more complete way, plaintiff's
>     representations about his employment status and work
>     history, as well as evidence with respect to his efforts
>     to obtain employment.  The Court explained that the
>     release or authorization should entitle defendants to any
>     file that plaintiff has uploaded to LinkedIn.com,
>     including any cover letter, resume, or application that
>     would be descriptive of prior work history and current
>     applications;
>
> - plaintiff produce tax returns or authorizations for
>   defendants to receive tax returns, subject to plaintiff
>   having the ability to redact certain highly personal or
>   irrelevant information; and
>
> - plaintiff produce cell phone records for the period when
>   his employment with defendant was terminated in May 2014
>   through December 2014, if he affirmed that he did not
>   have a personal cellphone before that period.

At the March 3 conference, the parties informed the Court that they were unlikely to need expert discovery.  An Order of March 3 affirmed March 27 as the deadline for the completion of fact discovery and ordered any motion for summary judgment, or if no such motion is filed, any joint pretrial order, to be filed by April 17.

By letters dated March 6 and March 10, defendants' counsel informed the Court of continued discovery disputes that followed from the Court's March 3 rulings.  On a telephone call of March 11, Mr. Krauss informed this Court's chambers of Bantle & Levy's intention to withdraw as counsel in this matter.

On March 11, defendants' counsel advised that, if plaintiff decided to proceed with two depositions that he requested of

individuals located in France and Switzerland, the depositions could be held by videoconference pursuant to the procedures set forth in the Hague Procedure. Otherwise, with a modest extension of fact discovery, they could be held in New York City once travel restrictions are lifted.

On March 13, counsel for both parties jointly requested a sixty-day extension of the March 27 fact discovery deadline, citing their inability to take depositions due to the outbreak of COVID-19.

On March 16, Bantle & Levy moved to withdraw as plaintiff's counsel, citing plaintiff's refusal to comply with this Court's March 3 discovery rulings.

The Court takes notice that the World Health Organization has described COVID-19 as a pandemic and that New York City has declared a state of emergency.[1] Accordingly, the Court will grant reasonable extensions of deadlines. It is hereby

ORDERED that by **March 20, 2020**, defendants shall provide plaintiff with specific requests for the documents and the

---

[1] World Health Organization, WHO Director-General's Opening Remarks at the Mission Briefing on COVID-19 (Mar. 12, 2020), https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-mission-briefing-on-covid-19---12-march-2020; City of New York, Office of the Mayor, Mayor de Blasio Issues State of Emergency (Mar. 13, 2020), https://www1.nyc.gov/office-of-the-mayor/news/138-20/mayor-de-blasio-issues-state-emergency.

authorizations that reflect this Court's March 3 discovery rulings.

IT IS FURTHER ORDERED that by **April 3, 2020,** plaintiff must mail to this Court, 500 Pearl Street, New York, NY 10007, and to Bantle & Levy, any opposition by plaintiff to Bantle & Levy's motion to withdraw as counsel. Bantle & Levy must promptly scan that opposition and file it on ECF. Bantle & Levy's reply is due **April 17.**

IT IS FURTHER ORDERED that by **April 3, 2020,** plaintiff must mail to counsel for the defendants all of the documents and authorizations listed in the defendants' letter of March 20.

IT IS FURTHER ORDERED that by **April 3, 2020,** plaintiff shall mail to this Court, 500 Pearl Street, New York, NY 10007, (a) the relevant tax returns for the 2014 to 2019 tax periods in unredacted form, and (b) a set of the relevant tax returns for the 2014 to 2019 tax periods which indicate the portions of the documents which plaintiff seeks to redact in the version provided to counsel for the defendants.

IT IS FURTHER ORDERED that the April 3 deadlines shall not be extended. **The plaintiff is hereby notified that his failure to participate in discovery, including as ordered during the conference of March 3, 2020 and through this Order, may result in dismissal for failure to prosecute.**

IT IS FURTHER ORDERED that any extension to the deadline for fact discovery to afford more time for the completion of depositions shall be decided by this Court pending plaintiff's compliance with the April 3 deadlines.

IT IS FURTHER ORDERED that by **March 20, 2020,** Bantle & Levy shall serve this Order on plaintiff and file proof of service.

Dated: New York, New York
March 17, 2020

_____
DENISE COTE
United States District Judge